# UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NEW YORK

**Request for Summons and
Modification of the Conditions or Term of Supervision**

Name of Offender: __HOLT, Mark__  Case Number: __04-CR-745__

Name of Sentencing Judicial Officer: __Honorable Allyne R. Ross, U.S. District Judge__

Date of Original Sentence: __September 27, 1999; December 13, 2004__

Original Offense: __Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1), a Class C Felony
and False Statement in Connection with Acquisition of a Firearm, 18 U.S.C. 922(a)(6),
Class C Felony__

Original Sentence: __70 mths CAG; 3 years TSR; *Rev. Of TSR Sentence* - 12 mths CAG; 2 years TSR__

Type of Supervision: __Supervised Release__  Date Supervision Commenced: __December 12, 2005__

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

The offender shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the Probation Department. The offender shall pay the costs of such treatment/detoxification to the degree he is reasonably able, and shall cooperate in securing any applicable third party payment, such as insurance or Medicare. The offender shall disclose all financial information and documents to the Probation Department to assess his ability to pay. The offender shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The offender shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

# CAUSE

**The probation officer believes that the action requested above is necessary for the following reasons:**

On September 27, 1999, the Honorable Alexander Williams Jr. of the Southern District of Maryland originally sentenced the offender to seventy (70) months imprisonment and three (3) years supervised release, following his conviction on the charges of Felon in Possession of a Firearm and False Statement in Connection with Acquisition of a Firearm. At the time of sentencing, Judge Williams imposed a special condition requiring the offender to attend mental health counseling and take all prescribed medications as directed by the Probation Department. In August 2004, jurisdiction was transferred to the Eastern District of New York. The case was subsequently assigned to Your Honor. In September 2004, the Probation Department initiated Violation of Supervised Release (VOSR) proceedings against the offender, charging that he failed to attend mental health treatment, failed to answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer. On December 13, 2004, Your Honor sentenced the offender to twelve (12) months imprisonment and two (2) years supervised release, following his admission of guilt to the VOSR charges. At the time of sentencing, Your Honor imposed the special condition, requiring that the offender participate in any psychiatric or mental health program recommended by the Probation Department.

On December 12, 2005, the offender commenced his term of supervised release. Initially, the offender resided at his mother's apartment in Brooklyn. However, the offender's mother requested that the offender move out of the residence shortly thereafter. Mrs. Holt reported that the offender, at times, presented as uncooperative, argumentative and inconsiderate. Mrs. Holt further reported that the offender had been inviting a woman (Zeathia Chandler) over to the residence against her wishes. In February 2006, the offender moved out of his mother's residence and married Ms. Chandler. Currently, the offender and Ms. Chandler reside at a family shelter in Brooklyn. In February 2006, the offender obtained employment through the assistance of the Center for Employment as a Maintenance Worker at a Pathmark Supermarket in Manhattan. In April 2006, the offender quit this job after learning of a garnishment of his salary due to an outstanding debt. The offender has not reported any new employment.

In January 2006, the offender was referred to New York Center for Neuropsychology and Forensic Behavioral Science (New York Forensic) for mental health treatment where his attendance has been generally consistent with some sporadic missed appointments. In March 2006, the undersigned officer discovered that the offender was issued a summons by the New York City Police Department for consuming alcohol in open view on or about February 16, 2006. It is noted that the offender reported to the Probation Department on February 21, 2006; March 1, 2006; March 10, 2006; and March 15, 2006. At no time during these meetings did the offender notify the undersigned officer that he had received a summons. In April 2006, the undersigned officer confronted the offender about the summons. At that time, the offender acknowledged that he had been issued the summons but felt that the matter was not relevant enough to inform the Probation Department. As reflected in the presentence report, the offender had admitted to consuming alcohol three to four times per week. Additionally, according to records of the New York State Mental Health Department, a history of marijuana and alcohol use was reflected. The undersigned officer advised the offender that he attends therapy to address issues such as anger management. The undersigned officer further advised the offender that consuming alcohol while attempting to resolve these issues may be counterproductive and detrimental to the therapeutic process.

Based on the aforementioned, the undersigned officer presented the offender with a Waiver of Hearing to modify the conditions of supervision to include participation in a drug/alcohol treatment program. The undersigned officer advised the offender that he would be able to remain at NY Forensic and receive drug/alcohol treatment, as needed. However, the offender elected not to sign the Waiver and requested that the matter be addressed in Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _June 15, 2006_

_Gregory Carter_
Gregory Carter
Sr. U.S. Probation Officer

---

**THE COURT ORDERS:**

☐ No action.

☒ The issuance of a summons.

☐ Other: _____

Signature of Judicial Officer

6/21/06
Date